This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The State of Ohio ("State") appeals the decision of the Summit County Court of Common Pleas, which granted the defendant's, Curtis W. Brunson ("Brunson"), motion to suppress. For the reasons that follow, we reverse the decision of the trial court and remand the cause for further proceedings consistent with this opinion.
 I.
On September 6, 2001, at approximately 3:50 P.M., Officer David Kohut of the Akron Police Department observed Brunson standing outside a family market store in a known drug area. Officer Kohut pulled his police cruiser up to Brunson, exited his cruiser, and asked Brunson what he was doing. Brunson replied that he was "just walking." Officer Kohut asked Brunson if he "had anything on him which he shouldn't have," and Brunson said "No." Officer Kohut then asked Brunson if it was okay if he checked him. Brunson responded "Yeah." Officer Kohut testified that he did not have his gun drawn and did not make any statements that Brunson could not leave.
The record indicates that Officer Kohut found crack cocaine in Brunson's pocket. As a result of the search, Brunson was charged with trafficking in cocaine, in violation of R.C. 2925.03(A)(2), and possession of cocaine, in violation of R.C. 2925.11(A).
Brunson filed a motion to suppress, challenging the search of his person. A hearing was held on November 1, 2001. The trial court granted Brunson's motion to suppress on November 27, 2001. The trial court found that Officer Kohut had "no reasonable suspicion to believe that [Brunson] was engaged in criminal activity" and therefore "no articulable factual basis existed for the officer's stop."
This appeal followed. The State raises one assignment of error.
 II. Assignment of Error "THE TRIAL COURT COMMITTED ERROR SUPPRESSING THE EVIDENCE IN THIS CASE."
In its sole assignment of error, the State argues that the trial court erred when it granted Brunson's motion to suppress because the encounter between Officer Kohut and Brunson was consensual and did not violate Brunson's Fourth Amendment rights. We agree.
We begin by noting that an appellate court reviews a trial court's ruling on a motion to suppress evidence de novo. State v. Russell
(1998), 127 Ohio App.3d 414, 416, citing Ornelas v. United States
(1996), 517 U.S. 690, 699, 134 L.Ed.2d 911. However, an appellate court reviews the findings of fact only for clear error, giving due deference to the trial court's findings of fact, because the trial court assumes the role of the trier of fact when ruling on a motion to suppress and, therefore, stands in the best position to resolve issues of fact and evaluate witness credibility. Id.
The Fourth Amendment to the United States Constitution guarantees citizens a fundamental principle of constitutional law:
The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
An action must qualify as a seizure before it comes under the scrutiny of the Fourth Amendment. See State v. Arnold (Apr. 28, 1999), 9th Dist. No. 2884-M, at 5. This Court has stated that "Fourth Amendment scrutiny is not triggered merely by an officer approaching a citizen and proceeding to ask that person questions." Id. A seizure occurs only when a person's liberty is restrained through police force or a show of authority. State v. Daniel (1992), 81 Ohio App.3d 325, 328. The show of authority must be so intimidating that a reasonable person would not have believed he was free to leave. Id. The court must look at all of the circumstances of the encounter to determine if a reasonable person would have felt at liberty to ignore the police. Florida v. Bostick (1991),501 U.S. 429, 437, 115 L.Ed.2d 389.
The United States Supreme Court has held that even when officers have no basis for suspecting an individual, they may ask questions and request consent to search as long as the officers do not convey a message that the individual is required to comply. See id. at 434-435. Accordingly, in this case, Officer Kohut could have questioned Brunson in the context of a consensual encounter. The evidence before the trial court does not indicate that Officer Kohut conveyed a message that Brunson was required to answer his questions or consent to a search. Officer Kohut asked Brunson what he was doing, if he had anything he should not have, and if he could search him. Brunson voluntarily answered these questions and consented to the search. Officer Kohut did not display any force or order Brunson to do anything; he merely asked Brunson questions. Consensual questioning does not implicate the Fourth Amendment. Thus, the trial court erred when it granted Brunson's motion to suppress. The State's assignment of error is sustained.
 III.
Having sustained the State's sole assignment of error, we reverse the decision of the trial court and remand the cause for proceedings consistent with this opinion.
SLABY, P.J., CARR, J. CONCUR